UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|   |   |
|---|---|
| GWENDOLYN WILSON, | |
| Plaintiff, | Civil Action No.: 17-995 (FLW) |
| v. | |
| | **OPINION** |
| HILLSBOROUGH TOWNSHIP (CONSTRUCTION/BUILDING DEPARTMENT AND TAX ASSESSOR), | |
| Defendants. | |

**WOLFSON, United States District Judge**:

This matter comes before the Court on Defendants Township of Hillsborough ("Hillsborough Township"), Hillsborough Township Construction/Building Department, and Hillsborough Township Tax Assessor's (cumulatively, "Defendants") motion to dismiss *pro se* Plaintiff Gwendolyn Wilson's ("Plaintiff") First Amended Complaint, wherein Plaintiff seeks to hold Defendants vicariously liable for alleged discriminatory conduct in violation of 42 U.S.C. § 1983, on the part of certain unnamed municipal employees. For the reasons set forth below, the motion to dismiss is **GRANTED**. However, Plaintiff is given leave to amend her First Amended Complaint, consistent with the dictates of this Opinion, within thirty (30) days from the date of the Order accompanying this decision.

I.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff purchased a residence in Hillsborough Township, Somerset County, in January of 1996. Hillsborough Township is described as a municipal corporation duly incorporated in New Jersey, wherein its principal place of business is located. Amended Complaint ("Am. Compl."), Defendant/Hillsborough Township Construction/Building Department, ¶ 15.

Defendants Hillsborough Township Construction/Building Department and Hillsborough Township Tax Assessor are alleged to operate and serve as agents for Hillsborough Township. The former administers the New Jersey Uniform Construction Codes, while the latter is responsible for assessing the value of all property located within Hillsborough Township. *Id*., Hillsborough Township Tax Assessor, ¶ 16.

Plaintiff alleges that, beginning in 1996, Defendants have subjected Plaintiff to a "racially hostile environment" for a period of over two decades, through the "unconstitutional usage of construction/building permits[.]" *Id*., Preliminary Statement, ¶ 1, Statement of Facts, ¶ 1. Specifically, shortly after purchasing her residence, Plaintiff alleges that she hired H&J Home Inspection Inc. to evaluate its condition, and, in turn, retained a private contractor to complete "major" structural renovations. *Id*., History of Plaintiff's Home, ¶¶ 2A, 3. The structural renovations pertained to the roof as well as other aspects of Plaintiff's residence, for which Defendants issued various construction permits. *Id.*, ¶ 3. Following their completion, Plaintiff alleges that Defendants were required to inspect her residence in order to "approve" or "reject" the renovations and "close out" the outstanding permits, as mandated by the New Jersey Administrative Code. *Id*., ¶¶ 3-4. However, Defendants allegedly failed to comply with this obligation; instead, three years later, Defendants issued a "Certificate of Approval" for the alleged purpose of "increas[ing] Plaintiff's property tax assessment." *Id*., ¶ 4.

Despite issuing a Certificate of Approval, Plaintiff asserts that her contractor's renovations were actually improperly completed, and therefore, defective. *Id*. Moreover, as a result of these deficiencies, Plaintiff contacted Defendants in order for them to "reject the substandard work," for the purpose of requiring her contractor to correct or re-perform the renovations to her residence. *Id*. However, "despite [Plaintiff's] numerous attempts" to achieve

this end, she alleges that Defendants refused to inspect her residence and to render a final decision which "either accept[ed] or reject[ed] the" completed renovations. *Id*. Rather, Defendants allowed the construction permits to remain open, "year after year." *Id*.

Ultimately, in 2006, the "problems" with Plaintiff's roof became too severe, and she was required to contract with Home Depot for the purpose of replacing the one which her contractor originally installed. *Id.*, *¶ 5*. Home Depot completed the work in approximately eight days; however, upon a final inspection, on July 17, 2006, Defendants concluded that the new renovations failed to comply with applicable construction codes. Despite that determination, Plaintiff asserts that she was never informed of the results of the final inspection until approximately nine years later, on January 14, 2015. *Id.*, *¶ 6*. As a consequence of Defendants' failure to provide earlier notice, Plaintiff alleges that she was "deprived [of] the legal right to force [Home Depot] to repair or to replace the failed roof." *Id*.

On January 14, 2017, Plaintiff filed the instant action against Defendants. Although the Honorable Peter G. Sheridan, U.S.D.J., originally presided over this case, before whom various proceedings occurred, ultimately, he recused himself and I was subsequently assigned the matter. On November 7, 2017, an Order was entered by Judge Sheridan dismissing Plaintiff's claims which arose before 2015 as time barred by the applicable statute of limitations, and Plaintiff was granted leave to amend her Complaint. On February 20, 2018, Plaintiff filed her First Amended Complaint, subsequent to which Plaintiff also filed a significant number of frivolous motions. However, for the reasons explained *infra*, they either need not be addressed or discussed in substance.[1]

---

[1] Specifically, in a single, eight-page brief, Plaintiff moves for the following relief: motion for discovery in the recusal of Judge Peter G. Sheridan; motion to vacate the orders, opinions, and rulings issued by Judge Sheridan and Judge Arpert; motion to disqualify Defendants' counsel; motion opposing reassignment of this matter to Judge Wolfson; motion to transfer case

3

In the First Amended Complaint, Plaintiff asserts four counts against Defendants, arising from their alleged discriminatory conduct towards, and targeting of, Plaintiff on the basis of her race. In Count I, Plaintiff alleges that Defendants acted in violation of the Fourteenth Amendment and conspired against Plaintiff, without providing further details. *Id.*, First Cause of Action. In Count II, Plaintiff alleges violations of the Civil Rights Act of 1866 and asserts that Defendants engaged in retaliatory conduct, through the "illegal use of the Building Permit and Tax Assessment Process[.]" *Id.*, Second Cause of Action. In Count III, Plaintiff alleges violations of the Fair Housing Act, based on Defendants' alleged deprivation "of the safeguards and protection of [Plaintiff's] building permits," including: (a) "refusing to inspect"; (b) "approving inspections without adhering to the required standards of law"; and (c) "issuing approvals without inspections[.]" *Id.*, Third Cause of Action. Finally, in Count IV, Plaintiff alleges violations of the Fourth Amendment, as a result of Hillsborough Township's illegal inspection of Plaintiff's home. *Id.*, Fourth Cause of Action.

Currently, Defendants move to dismiss Plaintiff's First Amended Complaint, arguing, *inter alia*, that Plaintiff cannot maintain a cause of action against Hillsborough Township for the alleged conduct of its unnamed employees through a theory of *respondent superior*, pursuant to the Supreme Court's decision in *Monell v. Department of Social Services of the City of New*. Defendants additionally contend that the claims asserted against both Hillsborough Township Construction/Building Department and Hillsborough Township Tax Assessor cannot stand,

---

to Washington D.C.; motion to appoint *pro bono* counsel; and motion for default judgment. Plaintiff additionally filed a separate motion for summary judgment. However, every motion, with the exception of the one for *pro bono* counsel, default judgment, and summary judgment, are based upon an alleged "conflict" which is vastly insufficient to justify the various forms of relief which Plaintiff requests, and, as such, they are all denied on this basis. Moreover, Plaintiff's additional motions for *pro bono* counsel, summary judgment, and default judgment are all moot, given that the Court will dismiss the First Amended Complaint for the reasons provided *infra*.

because these are not separate legal entities against which Plaintiff can file suit. Plaintiff opposes the motion.[2]

## II. DISCUSSION

### A. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a claim "for failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When reviewing a motion to dismiss, courts must first separate the factual and legal elements of the claims, and accept all of the well-pleaded facts as true. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). All reasonable inferences must be made in the plaintiff's favor. *See In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010). In order to survive a motion to dismiss, the plaintiff must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This standard requires the plaintiff to show "more than a sheer possibility that a defendant has acted unlawfully," but does not create as high of a standard as to be a "probability requirement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The Third Circuit requires a three-step analysis to meet the plausibility standard mandated by *Twombly* and *Iqbal*. First, the court should "outline the elements a plaintiff must plead to a state a claim for relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012). Next, the court should "peel away" legal conclusions that are not entitled to the assumption of truth. *Id.; see also Iqbal*, 556 U.S. at 678-79 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). It is well-established that a proper complaint "requires more than labels and conclusions, and a formulaic recitation of the elements

---

[2] The Court notes that the majority of Plaintiff's opposition brief is copied-and-pasted from her First Amended Complaint.

of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations and citations omitted). Finally, the court should assume the veracity of all well-pled factual allegations, and then "determine whether they plausibly give rise to an entitlement to relief." *Bistrian*, 696 F.3d at 365 (quoting *Iqbal*, 556 U.S. at 679). A claim is facially plausible when there is sufficient factual content to draw a "reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The third step of the analysis is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679.

B.  *Monell* **Liability**

At the outset, I note that Counts I, II, and IV of the First Amended Complaint are based on Defendants' alleged violations of § 1983, arising from the unlawful actions of Defendants' unnamed employees. Specifically, Plaintiff asserts that Defendants impermissibly and intentionally discriminated against Plaintiff on the basis of race, through "the illegal usage of the Building Permit and Tax Assessment Process" and an "illegal search" of Plaintiff's home, conducted by Hillsborough Township's unidentified plumbing and electrical "sub-code inspector[s]." Am. Comp., Second Cause of Action, Fourth Case of Action. Although Plaintiff's factual allegations in support of the alleged constitutional violations are either lacking or not clearly set forth in the First Amended Complaint, all of Plaintiff's legal claims, nonetheless, are asserted against a municipal entity, Hillsborough Township, and its departments, *i.e.*, Hillsborough Township Construction/Building Department and Hillsborough Township Tax Assessor. Thus, in order for Plaintiff's claims to survive, she must adequately assert facts which support a violation of her rights under *Monell*.

Section 1983 imposes civil liability upon "any person who, acting under the color of state law, deprives another individual of any rights, privileges, or immunities secured by the

Constitution or laws of the United States." *Padilla v. Twp. of Cherry Hill*, 110 Fed. Appx. 272, 278 (3d Cir. 2004) (citation omitted). In that connection, "[a] municipality or its officials may not be held liable under § 1983 for constitutional violations based upon *respondeat superior* for the negligent or otherwise improper actions of its employees." *Hansell v. City of Atlantic City*, 152 F. Supp. 2d 589, 609 (D.N.J. 2001) (citing *Monell*, 436 U.S. at 694)). Instead, to recover against a municipality for § 1983 violations, a plaintiff must "demonstrate that municipal policymakers, acting with deliberate indifference or reckless indifference, established or maintained a policy or well-settled custom which caused a municipal employee to violate plaintiffs' constitutional rights and that such policy or custom was the 'moving force' behind the constitutional tort." *Id*. (quoting *Bd. of the County Comm'rs. of Bryan County, Oklahoma v. Brown*, 520 U.S. 397, 404 (1997)). However, in the absence of such circumstances, a plaintiff may also demonstrate liability if an employee acts unconstitutionally and the municipality fails to adequately train or supervise that employee. *City of Canton v. Harris*, 489 U.S. 378, 380 (1989). The failure to satisfy any of these conditions precludes a plaintiff from recovering against a municipality for § 1983 violations.

As a preliminary matter, Plaintiff has named three municipal defendants in the First Amended Complaint, including Hillsborough Township, and two divisions which are alleged to operate within Hillsborough Township, *i.e.,* Hillsborough Township Construction/Building Department and Hillsborough Township Tax Assessor. Nonetheless, because these three entities are, in fact, one in the same, the Court construes Plaintiff's claims solely against Hillsborough Township. Stated differently, Hillsborough Township, the Construction/Building Department, and the Tax Assessor will be treated as a single entity for the purposes of determining § 1983 liability. *See, e.g., Mikhaeil v. Santos,* No. 10-3876, 2012 U.S. Dist. LEXIS 177144, at *10

(D.N.J. Dec. 12, 2014) (construing a claim against the municipality's police department as a claim against the municipality, itself).

In this regard, Plaintiff has failed to allege any facts in support of a *Monell* claim. Although Plaintiff alleges that she was discriminated against on the basis of race, she neither alleges that Hillsborough Township established or maintained a policy or well-settled custom which contributed to the complained-of constitutional violation, nor that Hillsborough Township failed to adequately train or supervise an employee who acted unconstitutionally. Rather, the discriminatory conduct of which she disputes are alleged to be directed solely against Hillsborough Township, and, as such, are insufficient to sustain a valid *Monell* claim. *See e.g.*, *Williams v. United States*, No. 18-14455, 2018 U.S. Dist. LEXIS 174820, at *10 (D.N.J. Oct. 11, 2018) ("Plaintiff does not make sufficient factual allegations indicating a discriminatory official policy or established custom by any municipality. Plaintiff only vaguely alleges that she has 'experience[d] a series of discrimination instances' . . . Plaintiff would need to a plead significantly more facts as to *Monell* liability.") (citation omitted); *Silverman v. Physician Health Service--SCI-Waymart*, No. 08-01841, 2009 U.S. Dist. LEXIS 39592, at *3 (M.D. Pa. May 11, 2009) (holding that the plaintiff failed to assert a cognizable claim against a municipality under *Monell* because the plaintiff's allegations "merely identif[ied] what appears to be an isolated incident").

Moreover, in addition to these pleading deficiencies, Plaintiff does not name any individual officials in the First Amended Complaint who allegedly violated her constitutional rights. Accordingly, Counts I, II, and IV of Plaintiff's First Amended Complaint are dismissed. Nonetheless, to the extent that Plaintiff can allege facts against Hillsborough Township only in support of a *Monell* claim, the Court grants Plaintiff leave to file a Second Amended Complaint.

### C. Fair Housing Act

Plaintiff also asserts a separate violation of the Fair Housing Act (the "Act") against Hillsborough Township, on the basis that it failed to comply with "required standards of law[.]" Am. Compl., Third Cause of Action. In this regard, Plaintiff references various provisions of the New Jersey Administrative Code, obligating Hillsborough Township to perform various inspections prior to the approval of a residential construction permit. However, notwithstanding these procedural requirements, Plaintiff maintains that she was "deprived . . . of the safeguards and protections of her building permits" and discriminated against, because Hillsborough Township failed to comply with the Code, through its refusal "to inspect, approving inspections without adhering to required standards of law, and issuing approvals without inspections[.]" *Id*.

As a preliminary issue, the Court previously entered an Order dismissing all of Plaintiff's claims arising before 2015 as time-barred by the statute of limitations. Nevertheless, in the First Amended Complaint, Plaintiff alleges violations of the Act which stem from Hillsborough Township's "refusal to either pass or fail" construction permits in 1996, 1999, 2003, and 2006, and, as such, those allegations are time-barred by the statute's applicable two-year limitations period. *Lloyd v. Presby's Inspired Life*, 251 F. Supp. 3d 891, 903 (E.D. Pa. 2017) ("The Fair Housing Act's statute of limitations provision states that an action must be filed in the appropriate federal or state court 'not later than 2 years after the occurrence or the termination of an alleged discriminatory housing practice.'") (quoting 42 U.S.C. § 3613(a)(1)(A)). However, without citing any applicable law or authority, Plaintiff contends the statute of limitations has not run on her claims, as the construction permits remain "open." I need not reach this issue; indeed, even if Plaintiff's claims are timely, she has failed to allege facts which support a violation of the Act.

Specifically, § 3604(b) of the Act, titled "[d]iscrimination in the sale or rental of housing and other prohibited practices[,]" forbids "discriminat[ion] against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(b).

Here, although the Act prohibits "discriminatory housing practices" by municipal entities, Plaintiff fails to assert a cognizable claim under that statute. *United States v. Audubon*, 797 F. Supp. 353, 357 (D.N.J. 1991). Plaintiff does not allege how Hillsborough Township's conduct, through its alleged failure to comply with certain regulatory procedures as set forth under the New Jersey Administrative Code, either discriminated against Plaintiff in the "sale or rental of [her] dwelling" or, alternatively, "in the provision of services or facilities in connection" with the "sale or rental of [her] dwelling."[3] 42 U.S.C. § 3604(b). In fact, Plaintiff, an existing homeowner who has resided in Hillsborough township for over 22 years, does not even allege how Hillsborough Township's conduct, including approving permits without conducting inspections, interferes with the ownership of her residence. Accordingly, in the absence of such allegations, the Court concludes that Plaintiff's claims pursuant to the Act fail to state a claim. *Joseph v. Safehaven CEC*, No. 14-3940, 2016 U.S. Dist. LEXIS 20839, at *16 n.6 (E.D. Pa. Feb. 22, 2016)

---

[3]    Numerous federal courts, including the Seventh Circuit, have concluded that the scope of § 3604(b) does not extend beyond the acquisition of housing, on the basis that the language "in connection therewith," as contained in § 3604(b), refers to the "sale or rental of a dwelling," as opposed to a "dwelling" in general. *See, e.g.*, *Southend Neighborhood Improvement Ass'n v. County of St. Clair*, 743 F.2d 1207, 1210 (7th Cir. 1984); *Comm. Concerning Cmty. Improvement v. City of Modesto*, No. 04-6121, 2004 U.S. Dist. LEXIS 31022, at *34-35 (E.D. Ca. 2004); *Halprin v. Prairie Single Family Homes*, 208 F.Supp.2d 896, 901 (N.D. Ill. 2002); *Laramore v. Illinois Sports Facilities Authority*, 722 F. Supp. 443, 452 (N.D. Ill 1989). Although this Court agrees with that limited interpretation based upon a plain reading of the statute, Plaintiff would, nevertheless, still fail to state a claim even under a broader construction of § 3604(b). Indeed, Plaintiff has not cited, nor has this Court found, any law or authority which extends § 3604(b)'s reach to a municipality's alleged failure to conduct an inspection prior to the approval of a residential construction permit.

("Plaintiff does not allege discrimination in connection with the sale or rental of housing, accordingly, he has not set forth a plausible claim under the Fair Housing Act.").[4]

## III. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss Plaintiff's First Amended Complaint is **GRANTED**. Plaintiff's Fair Housing Act claim, as well as her claims against Hillsborough Township Construction/Building Department and Hillsborough Township Tax Assessor are dismissed with prejudice. Accordingly, Hillsborough Township Construction/Building Department and Hillsborough Township Tax Assessor are dismissed as parties to this action. Plaintiff is given leave to amend only her *Monell* claim against Hillsborough Township, within thirty (30) days from the date of the Order accompanying this Opinion. To the extent that Plaintiff seeks to add additional defendants, she must do so via a motion to amend before the Magistrate Judge.

Dated: December 4, 2018

/s/ Freda L. Wolfson
Freda L. Wolfson
United States District Judge

---

[4] Plaintiff also alleges a retaliation claim under the Act. Specifically, claims of retaliation are governed by § 3617, providing: "[i]t shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by . . . 42 U.S.C. § 3603, 3604, 3605, or 3606[.]" 42 U.S.C. § 3617. Here, notwithstanding the fact that the First Amended Complaint fails to provide a reason for Hillsborough Township's alleged retaliation, Plaintiff has not alleged facts to support a violation of the Act. Therefore, Plaintiff's retaliation claim is also dismissed. *Schildknecht v. Twp. of Montclair & Comm'r of Dep't of Cmty. Affairs*, No. 13-7228, 2014 U.S. Dist. LEXIS 27066, at *9 (D.N.J. March 4, 2014) ("Because Plaintiffs have failed to describe a violation of any right protected by Sections 3603, 3604, 3605, or 3606 . . . , they have failed to plead a [claim of retaliation under] the Fair Housing Act.").